Filed 3/6/25  P. v. Burghart CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DARRYL EUGENE BURGHART,<br><br>    Defendant and Appellant. | H052334<br>(Monterey County<br> Super. Ct. No. 23CR002195) |

A jury convicted Darryl Eugene Burghardt[1] of battery on a correctional officer and found true allegations that he had sustained five prior convictions for strike offenses.[2] After denying his motion brought under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*), the trial court sentenced Burghardt to a term of 25 years to life. On appeal, Burghardt's counsel has filed a brief which states the case but raises no issues, under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Burghardt filed a supplemental brief, arguing that the trial court erred in failing to consider his eligibility and suitability for mental health diversion under section 1001.36.  Having independently reviewed the record and considered the issue raised in the supplemental brief, we conclude there is no arguable issue on appeal.

---

[1] Although appellant was identified in the trial court as "Burghart," we employ the spelling he uses in his supplemental brief.

[2] Undesignated statutory references are to the Penal Code.

# I.    BACKGROUND

The Monterey County District Attorney charged Burghardt by information with one count of battery on non-confined person by prisoner (§ 4501.5), arising out of an altercation between Burghardt and a correctional officer at the Salinas Valley State Prison.  The information further alleged five prior convictions for strike offenses (§ 1170.12) and three circumstances in aggravation—that Burghardt (1) engaged in "violent conduct that indicates a serious danger to society"; (2) has prior convictions that are "numerous and of increasing seriousness"; and (3) has served a prior prison term. (Cal. Rules of Court, rule 4.421(b)(1)–(3).)

Burghardt's trial counsel twice declared a doubt regarding Burghardt's competency, and both times, an examining psychologist deemed Burghardt competent to stand trial.  Before trial, Burghardt also asked the court to dismiss the case under section 1385, subdivision (a), arguing that "nothing is to be gained by this prosecution" because Burghardt was already serving a term of 20 years to life in one case[3] and sentenced to a consecutive term of 25 years to life in another.  The court denied the motion.

The jury convicted Burghardt of the battery and, in a bifurcated trial, found each of the five strike priors to be true.  The jury also found true the aggravating circumstance that Burghardt had served a prior prison term.

In his *Romero* motion, Burghardt relied in part on section 1385, subdivision (c) (section 1385(c)), which provides that a sentencing court "shall dismiss an enhancement if it is in the furtherance of justice to do so," and further requires the court to "afford great weight" to nine enumerated mitigating factors.  (§ 1385, subd. (c)(1), (2).) Acknowledging that a strike prior is not an "enhancement" within the meaning of

---

[3] Burghardt's motion represented that he was serving a term of "27 years to life." According to the abstract of judgment he attached, the actual sentence was life with the possibility of parole consecutive to 20 years.

subdivision (c)(1), Burghardt nevertheless asked the court to consider four of the nine factors set forth in the statute. The motion also provided information relating to Burghardt's mental health struggles, repeated suicide attempts, refusal to acknowledge or communicate with counsel during the proceedings, and the fact that Burghardt was participating in the prison's psychiatric inpatient program at the time he committed the charged offense. Burghardt invited the court to dismiss all five strike priors and sentence him to a term of 3 years (midterm), or to dismiss four of the five strike priors and sentence him to a term of 4 years (lower term doubled), consecutive to the two indeterminate sentences already imposed in the unrelated cases.

The trial court denied the *Romero* motion. Consistent with *People v. Burke* (2023) 89 Cal.App.5th 237, 243–244 and *People v. Olay* (2023) 98 Cal.App.5th 60, 67, the court concluded that section 1385(c) does not apply to strike priors because they are not "enhancement[s]" within the meaning of the statute. But the court still treated the section 1385(c) factors as relevant to its exercise of discretion under subdivision (a). The court thus considered and "g[ave] great weight" to the four factors set forth in the *Romero* motion: (1) that application of the strike priors could result in a sentence of over 20 years (§ 1385, subd. (c)(2)(C)); (2) that the current offense is not a violent felony (*id.*, subd. (c)(2)(F)); (3) that the current offense is connected to mental illness (*id.*, subd. (c)(2)(D)); and (4) that the strike priors are based on convictions over five years old (*id.*, subd. (c)(2)(H)).

Against these mitigating factors, the court considered the "nature and circumstances of the present felony," finding it significant that Burghardt had a prior conviction for a similar offense and had not expressed remorse. The court considered the violent nature of Burghardt's strike priors, including the fact that the offenses involved "multiple victims," "violence," and the use of a firearm. Finally, the court considered Burghardt's background, character, and prospects. While recognizing Burghardt's mental health struggles and past trauma, the court found that Burghardt has not

3

"exhibited any ability to overcome any mental health issues he may have." The court added that the clinical psychologists who examined Burghardt for competency purposes had reached the "rare[]" conclusion that he was "very manipulative rather than really exhibiting incompetency to stand trial." Ultimately, the court concluded Burghardt did not fall outside the spirit of the Three Strikes law, declined to dismiss the strike priors, and sentenced him to a consecutive term of 25 years to life.

Burghardt timely appealed.

## II.    DISCUSSION

On appeal, Burghardt argues that the trial court failed to consider his eligibility and suitability for mental health diversion. "Enacted in 2018, section 1001.36 authorizes 'pretrial diversion' for defendants with qualifying mental disorders." (*People v Braden* (2023) 14 Cal.5th 791, 801.) As amended, section 1001.36 gives courts discretion to grant pretrial diversion "if the defendant satisfies the eligibility requirements for pretrial diversion" and the court finds "that the defendant is suitable for that diversion." (§ 1001.36, subd. (a); see also *id*., subd. (b) [eligibility requirements]; *id*., subd. (c) [suitability considerations].) But "to be timely, a request for pretrial diversion must be made before *the process* of adjudicating the charges begins, i.e., before jeopardy attaches at trial or the defendant enters a plea of guilty or no contest, whichever occurs first." (*Braden*, at p. 805.)

Already serving consecutive life terms in unrelated cases, Burghardt did not ask the trial court to consider granting him mental health diversion before the attachment of jeopardy. He also expressly disavowed any request for diversion in his *Romero* motion, stating that "an application for mental diversion is not being made in this matter." Because Burghardt did not timely move for pretrial diversion in the trial court, his claim for diversion is forfeited on appeal. (See *People v. Oneal* (2021) 64 Cal.App.5th 581, 592, fn. 6.)

4

### III. DISPOSITION

Having independently reviewed the record on appeal and considered the contention raised in the supplemental brief, we find no arguable issues. (*Wende*, *supra*, 25 Cal.3d 436, 441–442.) The judgment is affirmed.

_____

LIE, J.

WE CONCUR:

_____

DANNER, Acting P. J.

_____

BROMBERG, J.

*People v. Burghart*
H052334